GUISEPPE ANTONINO *vs.* THE SEAMLESS RUBBER COMPANY, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and DICKENSON, JS.

Argued November 8th—decided November 20th, 1934.

*Louis Shafer,* with whom, on the brief, was *Robert J. Woodruff,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellee (defendant).

HAINES, J. The commissioner's finding shows that the claimant—a millwright—had been in the employ of the respondent from November, 1920, to April, 1933, and his duty was to repair, remove and adjust various machines and equipment used in the factory. He was

frequently required to work Saturdays and Sundays and overtime. He handled lead blocks and sheets, and scraped ball bearings which were surfaced with Babbitt metal, and occasionally he came in contact with lead fumes, and though he did not mix paint or use it, he sometimes assisted painters who were working in the factory. There was no evidence that dust or dirt in the factory created any particular hazard or any hazard in excess of that found elsewhere. Some trouble with his stomach kept him from work for several weeks in 1926 or 1927, but was cleared up by the use of Epsom salts and other medicines as was a similar condition which affected his whole body in 1931. In 1932 he had further trouble with his stomach and he became constipated and unable to retain food in his stomach. He was treated by a physician from January to May, 1933, who called in several consultants and had blood tests made, but the only diagnosis made was anemia, and the claimant obtained no relief. In June, 1933, another physician diagnosed the condition as lead poisoning and tests of urine in October, 1933, indicated the presence of lead. In September, 1933, he developed ulceration of the left eye, resulting in a scar over the cornea, seriously affecting his vision. Corrected with glasses, the vision of the right eye is normal. In April, 1933, he became weak and unable to stand on his feet and left the employ of the respondent.

He claimed that the anemia and stomach condition and the eye trouble and loss of vision were the results of lead poisoning, but the commissioner held the claim not proven. The further claim of total incapacity from and after April, 1933, by reason of lead poisoning was also held not proven. The commissioner concluded that the claimant had not since April, 1933, "been incapacitated by reason of any accidental injury, or any occupational disease peculiar to the occupation

in which he was engaged" or "due to causes in excess of the ordinary hazards of employment as such." This conclusion is the basis of the present appeal.

The claimant seeks to have certain additions and changes made in the finding. A study of the evidence which has been certified to us in this connection shows that none of the facts found regarding the conditions of the employment, lack support in the evidence, some of the numerous additional details which the claimant seeks to add, are supported by evidence, but are not of such importance as to change the basis upon which the question of lead poisoning is to be decided; other claimed facts are the subject of conflicting testimony and cannot therefore be added to the finding. A detailed examination of the record does not disclose any important change which can be made in the factual aspects of this case. Whether the claimant's condition, considered upon this background of fact, has resulted in the occupational disease of lead poisoning within the terms of General Statutes, § 5223, is the controlling question, and upon that the evidence shows an irreconcilable conflict of medical opinion, with the physicians testifying for the claimant standing unequivocally upon the affirmative and those for the respondent holding with equal firmness to the negative. All the physicians had treated or had examined the claimant and many detailed laboratory tests had been made to determine his condition. The question was not whether, if he had lead poisoning, it had resulted from the conditions of his employment, but whether he had lead poisoning in fact. This called for expert medical testimony and it was the right and duty of the commissioner to adopt that conclusion which seemed to him to find best support in the medical evidence. He was clearly within his rights in the present case, in

accepting the views of the respondent's medical experts and deciding that the claimant was not suffering from lead poisoning.

There is no error.

In this opinion the other judges concurred.